# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 5413
BRISTOL BEND COURT,
Appellant,
vs.
BANK OF AMERICA, N.A.; AND
LADERA PARK HOMEOWNERS'
ASSOCIATION,
Respondents.

No. 75272

FILED

APR 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
    DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly granted summary judgment for respondent Bank of America, as its agent Miles Bauer tendered $650 to the HOA's agent Nevada Association Services (NAS), which exceeded the amount due for 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"); *cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014) (observing that a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

lender may tender an amount larger than the superpriority portion alone and then request a refund of the balance). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21.

Appellant contends that NAS had a good-faith basis for rejecting the tender. But NAS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." (citing 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b), (c) & cmt. c, d (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect). Appellant also argues that respondent was required to demonstrate that its agent's trust account contained sufficient funds to cover the amount of the tender check. Because that argument is raised for the first time on appeal, we need not consider it. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Appellant further contends that the tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be

recorded, and (3) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Appellant has not identified any condition that respondent's agent was not legally entitled to impose. We reject appellant's argument that the letter accompanying the check contained conditions purporting to absolve respondent of any future liability that it may have to the HOA. The letter refers to "the facts stated herein" in considering respondent's obligations to the HOA to be "paid in full," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which respondent might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure. Accordingly, appellant's predecessor-in-interest—and subsequently, appellant—took title to the property subject to the deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Linda Marie Bell, Chief Judge
      Law Offices of Michael F. Bohn, Ltd.
      Akerman LLP/Las Vegas
      Leach Kern Gruchow Anderson Song/Las Vegas
      Eighth District Court Clerk